# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____  )
RONALD DAME,                         )
      Petitioner,                    )
                                    )
                                    )   **CIVIL ACTION**
vs.                                  )   **NO. 17-40131-TSH**
                                    )
COLETTE GOGUEN,                      )
      Respondent.                    )
_____  )

## MEMORANDUM OF DECISION AND ORDER
### September 18, 2018

**HILLMAN, D.J.**

### Background

Ronald Dame ("Dame" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") alleging the following grounds for relief[1]:

> Ground One: Prejudicial pre-Indictment delay during which Petitioner's alibi witness died and subsequent denial of admission of hearsay statement of that alibi witness.

> Ground Two: Admission of evidence illegally obtained during a motor vehicle search was not harmless error.

> Ground Three: It was error to deny Petitioner to present a third party culprit defense.

> Ground Four: Petitioner should have been granted relief based on the accumulation of "substantially interrelated errors."

---

[1] Dame is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

The Respondent has filed a motion to dismiss on the following grounds: (1) Ground Two of the Petition is barred because Petitioner's Fourth Amendment violations are not cognizable on federal habeas review; (2) Ground Three of the Petition, challenging the exclusion of third party culprit evidence, is unexhausted; (3) Ground Four fails to state a federal basis for relief; and (4) Ground One, asserting prejudicial delay, is subject to dismissal if Petitioner fails to dismiss the unexhausted claim asserted in Ground Three. *See Resp's Mot. To Dismiss* (Docket No. 12) and *Resp's Mem. In Supp. Of Mot. To Dismiss Pet. For Writ of Habeas Corpus* (Docket No. 13). Petitioner has not filed an opposition to the motion to dismiss.

## Facts

On February 24, 2012, Dame was convicted by a jury of first degree murder in the killing of Clara Provost on January 6, 1974.   Dame file a direct appeal of his conviction to the Massachusetts Supreme Judicial Court ("SJC") raising the following grounds for relief:

> (1) the trial court should have dismissed the indictment because the Commonwealth's alleged improper delay in seeking indictment prejudiced his defense; (2) the trial court should have allowed his motion to suppress a paper towel that police seized from his car on January 7, 1974; (3) introduction of the paper towel into evidence was prejudicial and was not harmless beyond a reasonable doubt; and (4) the SJC should exercise its extraordinary powers under Mass. Gen. Law. ch. 278, §33E to grant him a new trial.

*See Commonwealth v. Dame*, 473 Mass. 524, 526 (2016). The SJC affirmed Dame's conviction on February 3, 2016.   In its decision, the SJC found that the paper towel obtained from the Petitioner's vehicle pursuant to a warrantless search should have been excluded at trial, because there were no facts connecting the crime to the vehicle and therefore, the police lacked probable cause to conduct the search.   The SJC, however, found that admission of the evidence was harmless beyond a reasonable doubt given the other evidence tying Petitioner to the crime *Id.*, at

2

536-38. As to Petitioner's claim that he was prejudiced because of the pre-indictment delay of thirty-two years, the SJC found that Petitioner had not established that he was substantially actually prejudiced or that the delay was intentionally or recklessly caused by the Commonwealth. *Id,* at 530-535. The SJC then summarily denied Petitioner's claim that the single justice erred by denying his motion to stay the execution of his sentence and his claim for extraordinary relief under Mass.Gen.L. ch. 278, §33E.   As to the latter claim, the SCJ stated that that it would not exercise its power to grant a new trial or reduce the degree of guilt, because, although his trial was not error free, there was "no miscarriage of justice requiring a new trial." *Id. at 538.*

## Discussion

### Whether Grounds Two and Four should be dismissed on the Merits

#### *Ground Two*

In Ground Two, Petitioner's challenges the admission at trial of evidence illegally obtained during a motor vehicle search conducted without probable cause. More specifically, the trial court admitted the evidence after finding that the search of the vehicle by the police did not violate Petitioner's rights. However, the SJC determined that the search of the vehicle was unlawful and the evidence (a paper towel) should have been excluded. The SJC went on to find that given the evidence against Petitioner, admission of the paper towel was harmless beyond a reasonable doubt. Having prevailed on appeal regarding his suppression argument, Petitioner now challenges the SJC's finding that admission of the tainted evidence was harmless error. Respondent argues that federal habeas review of this claim is barred because the Supreme Court has held that where the

state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3053 (1976)(footnotes omitted).

"A full and fair opportunity to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment Violations. So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims". *See Sanna v. DiPaolo*, 265 F.3d 1, 9 (1st Cir. 2001)(internal citation omitted). This Court's inquiry is, therefore, limited to whether the Petitioner had a "realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." *Id.*, at 8. In this case, there can be no question that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the trial court and then on appeal to the SJC. Indeed, the SJC determined that the evidence was unlawfully obtained and should have been excluded, but that failure to do so was harmless error. It is the SJC's harmless error finding that Petitioner seeks to challenge. However, this Court's review of the SJC's harmless error finding "implicitly involves a request for habeas relief on the basis of the trial court's failure to exclude evidence," which is barred by *Stone*. *See Bastardo v. Marshall*, Civ.Act.No. 93-40099-NMG, 1997 WL 667785 (D.Mass. Oct. 16, 1997)(review of state court's finding of harmless error where underlying error involves Fourth Amendment is equivalent of reviewing claimed Fourth Amendment violation); *see also McCambridge v.*

*Hall*, 68 F.Supp.2d 1 (D.Mass. 1999)(same). Accordingly, Petitioner's Fourth Amendment claim asserted in Ground Two of his Petition must be dismissed.

## Ground Four

In Ground Four, Petitioner asserts that the SJC erred when it denied relief under Mass.Gen.L. ch. 278, §33E as the result of cumulative errors committed by the trial court. Federal courts reviewing a state prisoner's habeas petition are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475 (1991).   "[F]ederal habeas corpus relief does not lie for errors of state law" and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68, 112 S.Ct. 475. Error, if any, by the SJC in denying Petitioner's request for extraordinary relief under section 33E is based on state law and does not provide grounds for federal habeas relief. *See LeBeau v. Roden*, 806 F.Supp.2d 384 (D.Mass. 2011) and cases cited therein; *see also Molina v. Roden*, Civ. Act. No. 09-12190-DPW, 2012 WL 1866195 (D.Mass. May 21, 2012).

## Whether Ground Three is Exhausted

In Ground Three of his Petition, Dame asserts that a potential third party culprit was identified by the Commonwealth during the course of its investigation, however, none of the evidence regarding this person's potential involvement in the murder was allowed in at trial. In his Petition, Dame asserts that he raised this issue in his direct appeal to the SJC. However, the Respondent asserts that he did not raise the claim and therefore, it is unexhausted. The Respondent has included a copy of Dame's brief to the SJC in support of his direct appeal. Dame's brief mentions that in 1983, law enforcement had investigated a woman's accusation that her ex-

husband, George Dunton, was the murderer; Dunton had also been interviewed shortly after the murder. However, the issue is mentioned in the discussion of whether the Commonwealth intentionally or recklessly delayed the bringing of the indictment— Dame did not raise an independent claim on appeal that the trial court erred by not allowing in evidence that Dunton was at one time accused of the crime. Additionally, while the SJC discussed Dunton in the same context, *i.e.*, Dame's claim that the indictment should have been dismissed due to prejudicial delay, it did not address as an independent ground for relief whether it was error for the trial court to refuse to admit evidence that he was a suspect. *See generally Dame*, 473 Mass. 524.

"[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application". *See Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). "This exhaustion requirement … embodies principles of federal-state comity and is designed to provide state courts with an initial 'opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights'". *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002)(quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971))(alteration in original). Furthermore, while "[a] petitioner need not express his federal claims in precisely the same terms in both state and federal courts," the claims presented in the petitioner's federal habeas petition must be substantially equivalent to the claims he presented to the state court. *Id.*, at 51-52 (citing *Picard*, 404 U.S. at 277-78, 92 S.Ct. at 513).

> A claim is fairly presented so long as it is made in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.' Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies.

6

*Josselyn v. Dennehy*, 475 F.3d 1 (1st Cir. 2007)(internal citations and citations to quoted authorities omitted).

In this case, it is clear that Dame never raised his "third party culprit" claim to the SJC. Therefore, the Court is faced with a so-called "mixed-petition," *i.e.* a habeas petition which includes both exhausted and unexhausted claims. Generally, habeas petitions that are not fully exhausted must be dismissed and the petitioner given the opportunity to resubmit a petition containing only fully exhausted claims, or to return to state court and exhaust the remaining claims. *See Rose v.* Lundy, 455 U.S. 509, 520, 522, 102 S.Ct. 1198 (1982).   The First Circuit, however, has "held that where a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims. And then, if the petitioner declines to dismiss the unexhausted claims, 'the district court should dismiss the entire petition without prejudice.'" *DeLong v. Dickhaut*, 715 F.3d 382, 387 (2013).   A district court may also stay a mixed petition to permit the petitioner to return to state court to address the unexhausted claims, and then lift the stay and proceed to address the petition once all claims are exhausted. However, stay and abeyance is only appropriate when the petitioner can establish "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn*, 475 F.3d at 4.[2]

---

[2] Effective April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the statutes governing habeas corpus petitions to impose a one year statute of limitations period on the filing of all non-capital habeas petitions in federal courts. *See* 28 U.S.C. §§2244(d)(1). In general, for prisoners in state custody, the limitations period begins to run on "the date which the judgment becomes final by conclusion of direct review or the expiration of the time for such review". 28 U.S.C. §2244(d)(1)(a). Because the filing of a federal habeas petition does not toll the running of the statute of limitations, after the AEDPA amendments, a petitioner who opted to return to state court to exhaust his claims often risked losing the opportunity for federal courts to review any of his claims. This is because by the time the petition was resubmitted to in the

In this case, there is no indication that Dame has engaged in "intentionally dilatory tactics." However, the record does not support a finding of good cause for Dame's failure to exhaust— indeed, it does not appear that to date, he has attempted to raise this issue in state court. Additionally, returning to state court to exhaust his state court remedies with respect to this claim would likely amount to an exercise in futility because in all likelihood, the state court would find that the claim is procedurally defaulted. Under the circumstances of this case, I find it appropriate to permit Dame to delete the unexhausted claim from his Petition (Ground Three) and proceed with his exhausted claim (Ground One). Thus, on or before October 19, 2018, Dame may file an amended petition deleting his unexhausted claim. If Dame fails to delete his unexhausted claim, the Respondent should renew its motion to dismiss, which the Court will allow in its entirety.

## Conclusion

*Resp's Mot. To Dismiss* (Docket No. 12) is ***allowed***, in part, and, for the present, ***denied***, in part. Petitioner shall have until October 19, 2018 to file an amended petition which complies with this Order, or his petition will be subject to dismissal in its entirety.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

federal court, the one year statute of limitations would likely have run. To address this problem, the Supreme Court approved the so-called "stay and abeyance" procedure, whereby rather than the petition being dismissed, it is stayed pending the petitioner's return to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528 (2005). Because over a year has passed since Dame's judgment became final under the AEDPA, if he wanted to return to state court to exhaust Ground Three of his Petition, he would have to utilize the stay and abeyance procedure or lose the opportunity to obtain federal review of any of his claims. Therefore, while Dame has not expressly requested a stay, I will assume that he intends to do so.